**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

KISHORE CECIL,                                              Case No.: _____

                            Plaintiff,                             **COMPLAINT**

          -against-                                          **PLAINTIFF DEMANDS
                                                             A TRIAL BY JURY**

NYU LANGONE HOSPITALS *and* NYU WINTHROP
HOSPITAL

                            Defendants.

-------------------------------------------------------------------------X

Plaintiff, Kishore Cecil, by his attorney, The Rose Law Group PLLC, hereby brings this action against the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990 ("ADA") and the New York State Human Rights Law ("NYSHRL"), seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against** and **retaliated against** on the basis of his **disability**, perceived disability and protected activities by the Defendants. Plaintiff was also denied reasonable accommodation by the Defendant.

## JURISDICTION AND VENUE

2. Venue is proper in this district based upon Defendant being within the city of New York and existing within the Eastern District of New York. 28 U.S.C. §1391(b).

3. Plaintiff filed a claim in the EEOC and received her Right to Sue letter. This action is being initiated within ninety (90) days of the issuance of her right to sue letter.

## PARTIES

4. That at all times relevant hereto, Plaintiff Kishore Cecil ("Cecil") was a resident of the State of New York in Queens County.

5. That all time relevant hereto, Defendant NYU Langone Hospitals ("NYULH") is a Domestic Not-For-Profit Corporation duly existing pursuant to, and by virtue of, the laws of the State of New York and authorized to do business within the State of New York.

6. That all time relevant hereto, Defendant NYU Winthrop Hospital is a Domestic Not-For-Profit Corporation duly existing pursuant to, and by virtue of, the laws of the State of New York and authorized to do business within the State of New York.

7. Defendant NYULH and NYU Winthrop Hospital has their primary offices located at 550 1st Avenue, NY, NY 10016.

8. At all times relevant hereto, Defendants NYULH and NYU Winthrop Hospital acted as a joint employer and or single enterprise as it related to Plaintiff Cecil.

9. Defendants NYULH and NYU Winthrop Hospital are referred to herein as "Defendants" or NYULH.

## MATERIAL FACTS

10. In or around November of 2016, Plaintiff Cecil was hired by Defendants to work in their hospital located at 259 1st St., Mineola, New York.

11. Plaintiff Cecil worked in the Cardiac Surgical Intensive Care Unit as a Nursing Assistant.

12. Plaintiff's job duties consisted of patient care such as taking vital signs, performing EKGs, bathing and changing patients, and transferring them from one unit to another.

13. On April 14, 2020, Plaintiff Cecil spoke to Doctor Robert A Da Silva regarding his trouble breathing and coughing. Specifically, due to the Covid-19 pandemic, he was being asked to wear an N95 mask for significant periods of time without being given a break to remove the mask.

14. This prolonged period of time wearing the N95 mask resulted in his being unable to breathe.

15. On May 10, 2020, Plaintiff Cecil spoke to Physician Assistant Sosana Fares regarding his shortness of breath. Nothing was done in response to his complaint about his ability to breathe.

16. On May 15, 2020, Plaintiff Cecil visited NYU Winthrop Emergency Department due to his chest pain.

17. There he was diagnosed with Shortness of breath and Hypo-osmolality and Hyponatremia.

18. Shortness of breath is a diagnosis which could relate to underlying disorders or other issues and is defined as "labored or difficult breathing associated with a variety of disorders, indicating inadequate ventilation or low blood oxygen or a subjective experience of breathing discomfort."

19. When his mouth is clear and he is able to breathe without interference, Plaintiff Cecil can perform his job duties without accommodation. However, once the pandemic hit, Plaintiff Cecil required accommodation in order to perform his job.

20. That accommodation was in the form of being assigned duties and tasks which did not require him to consistently wear an N95 mask, gown, gloves and face shield for a full eight hour shift.

21. Upon information and belief, both of these diagnosis and associated symptoms constitute physical limitations which affected Plaintiff Cecil's respiratory system and circulatory systems and constitute disabilities under the ADA, NYCHRL, and NYSHRL.

22. Due to Plaintiff's medical condition he was unable to work in COVID-19 lockdown rooms, which required him to sit or stand for eight hour shifts wearing an N95 mask, gown, gloves, and face shield.

23. On June 20, 2020, Plaintiff Cecil asked his manager, Nicole Mascellaro for an accommodation of being given another assignment. He was able to perform patient care for COVID-19 patients but not remain inside lockdown rooms for his entire shift wearing an N95 mask constantly.

24. Plaintiff Cecil showed Ms. Mascellaro his diagnostics stating his health complications. He was told to leave and not return until he was notified to return to work without further discussion.

25. Defendants failed to engage in any interactive process to determine if Plaintiff Cecil could be accommodated.

26. Defendants failed to review whether Plaintiff Cecil could be accommodated without undue burden and rejected his requested accommodation without appropriate consideration.

27. Defendants left Plaintiff Cecil out of work for three (3) weeks without explanation. Unaware of the status of his employment, he spoke to his manager and was told to submit a resignation letter or she would have to terminate his employment.

28. This threat was as a direct result of Plaintiff Cecil's requesting reasonable accommodation and informing Defendants of his disabilities. While there may have been multiple accommodations available, Defendants failed to even consider his situation, choosing to terminate him rather than review his medical records or requested accommodation.

29. Defendants' response to Plaintiff Cecil requesting accommodation was to immediately and without other reason terminate his employment.

30. On July 21, 2020, Plaintiff Cecil received a termination letter stating his last date of employment in the Cardiac Surgical ICU Department was July 25, 2020.

31. Plaintiff Cecil was terminated due to his disability and/or in retaliation for his requesting reasonable accommodation. Further, Plaintiff Cecil was terminated rather than accommodating his disabilities in violation of the ADA and NYSHRL.

32. Defendants' decision to terminate his employment came shortly after he requested accommodation and was put out on leave due to his request.

33. As a result of the acts and conduct complained of herein, Plaintiff Cecil has suffered a loss of income, bonus, benefits, and other compensation which such employment entails, and has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT**

35. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

36. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

37. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall

discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

38. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability and/or perceived disability.

39. Defendants further denied Plaintiff reasonable accommodation in violation of the ADA.

40. Further, Section 12203 states that "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

41. Defendants retaliated against Plaintiff due to his protected activities as stated herein.

42. As such Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disabilities and perceived disabilities.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

48. This act also prohibits retaliation for requesting accommodation, as Plaintiff did.

49. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because he requested reasonable accommodation.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the ADA and NYSHRL by discriminating against and retaliating against Plaintiff on the basis of her disability and/or perceived disability and requested accommodation;

B. Declaring that Defendants' policies and procedures violate the ADA and the NYSHRL;

C. Awarding damages to the Plaintiff for all lost wages and benefits resulting from Defendants' unlawful termination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
April 5 , 2021

/s/Jesse C. Rose
Jesse C. Rose
The Rose Law Group PLLC
3272 Steinway Street
Suite 503
Astoria, New York 11103
(718)989-1864
